## SECOND DEPARTMENT, APRIL, 1970

### (April 6, 1970)

■    ENOCH FRANKLIN, by STANLEY SHAPIRO, His Guardian ad Litem, Appellant, v. BONDED CAB CORPORATION et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 18, 1969, which (1) granted defendants' motion to set aside a jury verdict in plaintiff's favor on the issue of liability and (2) granted a new trial on that issue. Order reversed, with costs, and jury verdict reinstated. In this action it was alleged by plaintiff that, while lawfully crossing a street in the City of New York at a crosswalk, he was struck by a taxicab owned by defendant Bonded Cab Corporation and operated by defendant Aaron Rothenberg. There were no eyewitnesses to the accident. Plaintiff, 75 years of age, was unable to testify due to amnesia. A police officer (Tabala), who came to the scene testified that Rothenberg admitted to him at the scene that he (Rothenberg) had struck plaintiff. At the trial Rothenberg contended that there was no contact between the cab he was operating and plaintiff and that he merely halted his cab to assist plaintiff as a good Samaritan. There was testimony that the cab had left 48-foot skid marks; that such skid marks indicated that the cab had been proceeding at a speed in excess of the speed limit; that plaintiff was lying in a crosswalk; and that there was a laceration on the back of plaintiff's head and some injury to

his left leg. The jury brought in a unanimous verdict in plaintiff's favor on the issue of liability but the trial court set the verdict aside and granted a new trial, finding Officer Tabala's testimony incredible as a matter of law. While there were weaknesses in both plaintiff's and defendants' versions, there is no basis in this record for the conclusion of the learned trial court that Officer Tabala's testimony regarding defendant Rothenberg's admission to him was incredible as a matter of law. The assessment of credibility on this record was exclusively a jury function. Christ, Acting P. J., Rabin, Hopkins and Brennan, JJ., concur; (Beldock, P. J., deceased.)